UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PAULA SINCLAIR,

    Plaintiff,

v.

UNION SECURITY INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, PAULA SINCLAIR ("SINCLAIR"), by and through her undersigned counsel, hereby sues UNION SECURITY INSURANCE COMPANY ("UNION"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SINCLAIR brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SINCLAIR was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. UNION is a corporation with its UNION place of business in the State of Missouri, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, UNION, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SINCLAIR by UNION.

6. SINCLAIR was at all times material an employee of Neuro Rehab Associates dba Northeast Rehabilitation Hospital ("NEURO").

7. SINCLAIR was at all times material a plan participant under the Neuro Rehab Associates dba Northeast Rehabilitation Hospital Group Long Term Disability Insurance Policy, Group Policy Number 7500 (the "LTD Plan"), of which Neuro Rehab Associates dba Northeast Rehabilitation Hospital is a Participating Employer and of which the Policyholder is the Trustee of Hospital Employee Benefit Association Trust, Participation Number 6999208, which is established by NEURO and pursuant to which SINCLAIR is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. The LTD Plan is underwritten and provided by UNION.

10. ASSURANT INC. markets products and administers benefits claims for insurance policies underwritten by UNION, including the LTD Plan at issue.

11. UNION is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

12. As the decision maker and payer of plan benefits, UNION administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, UNION is not entitled to a deferential standard of review.

13. Pursuant to the terms and conditions of the LTD Plan, SINCLAIR is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

14. According to the LTD Plan,

> Occupation Test
>
> - During the *qualifying period* and the following 24 months of a *period of disability*, an *injury*, sickness, or pregnancy requires that you be under the *regular care and attendance* of a *doctor*, and prevents you from performing at least one of the *material duties* of your *regular occupation*; and
>
> - after the *qualifying period* and the first 24 months of a *period of disability*, an *injury*, sickness, or pregnancy prevents you from performing at least one of the *material duties* of each *gainful occupation* for which your education, training, and experience qualifies you.
>
> If, during the *qualifying period* and the following 24 months of a *period of disability*, you can perform the *material duties* of your *regular occupation* with *reasonable accommodation(s)*, you will not be considered *disabled*. If, after the *qualifying period* and the first 24 months of a *period of disability*, you can perform a *gainful occupation* for which your education, training, and experience qualifies you, with *reasonable accommodation(s)*, you will not be considered *disabled*. The inability to perform a *material duty* because of the discontinuance of *reasonable accommodation(s)* on the part of the employer does not, in itself, constitute *disability*.

15. Since approximately January 11, 2013, SINCLAIR has been disabled under the terms of the LTD Plan.

16. Shortly after becoming disabled, SINCLAIR made a claim to UNION under the LTD Plan for disability benefits.

17. UNION denied SINCLAIR's initial claim for LTD benefits by letter dated January 7, 2014 and contended that SINCLAIR was not disabled.

18. On or around June 30, 2014, SINCLAIR timely and properly appealed UNION's January 7, 2014 denial of LTD benefits.

19. By letter dated November 4, 2014, UNION affirmed its previous decision to deny

SINCLAIR's LTD claim for disability benefits.

20. On or around May 1, 2015, SINCLAIR again timely and properly appealed UNION's adverse benefit determination.

21. By letter dated May 26, 2015, UNION denied SINCLAIR's second administrative appeal and informed SINCLAIR that the administrative remedies had been exhausted.

22. At all relevant times, SINCLAIR complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

23. At all relevant times, solely because of injury or sickness, SINCLAIR has been prevented from performing at least one of the material duties of her regular occupation.

24. At all relevant times, solely because of injury or sickness, SINCLAIR has been prevented from performing at least one of the material duties of each gainful occupation for which her education, training and experience qualifies her.

25. At all relevant times, SINCLAIR has been under the regular care and attendance of a doctor.

26. At all relevant times, SINCLAIR was a Covered Person under the LTD Plan.

27. Through the present date, SINCLAIR has not received benefits owed to her under the LTD Plan despite SINCLAIR's right to these benefits.

28. UNION has refused to pay SINCLAIR's LTD benefits.

29. At all relevant times, UNION was the payer of benefits.

30. At all relevant times, UNION was the "Insurance Company" identified throughout the LTD Plan.

31. At all relevant times, UNION was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32. At all relevant times, SINCLAIR has been and remains Disabled and entitled to LTD benefits from UNION under the terms of the LTD Plan.

33. SINCLAIR has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

34. SINCLAIR incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), SINCLAIR, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

37. SINCLAIR has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of UNION's failure to pay her disability benefits.

38. SINCLAIR has exhausted all administrative remedies under the LTD Plan.

39. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to SINCLAIR at a time when UNION knew, or should have known, that SINCLAIR was entitled to those benefits under the terms of the LTD Plan, as SINCLAIR was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SINCLAIR's claim for LTD benefits;

5

      (c)    After SINCLAIR's claim was terminated in whole or in part, UNION failed to adequately describe to SINCLAIR any additional material or information necessary for SINCLAIR to perfect her claim, along with an explanation of why such material is or was necessary.

      (d)    UNION failed to properly and adequately investigate the merits of SINCLAIR's disability claim and failed to provide a full and fair review of SINCLAIR's claim.

40. SINCLAIR believes and thereon alleges that UNION wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which SINCLAIR is presently unaware, but which may be discovered in this future litigation and which SINCLAIR will immediately make UNION aware of once said acts or omissions are discovered by SINCLAIR.

41. Following the termination of benefits under the LTD Plan, SINCLAIR exhausted all administrative remedies required under ERISA, and SINCLAIR has performed all duties and obligations on her part to be performed under the LTD Plan.

42. As a proximate result of the aforementioned wrongful conduct of UNION, SINCLAIR has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding SINCLAIR's claim for benefits, SINCLAIR, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SINCLAIR is entitled to have such fees and costs paid by UNION.

44. The wrongful conduct of UNION has created uncertainty where none should exist; therefore, SINCLAIR is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, PAULA SINCLAIR prays for relief against UNION SECURITY INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 27, 2015

>ATTORNEYS DELL AND SCHAEFER,
>CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>(954) 620-8300
>
>*S/ Alexander A. Palamara*
>ALEXANDER A. PALAMARA, ESQUIRE
>Florida Bar No: 0037170
>Email: alex@diattorney.com
>GREGORY MICHAEL DELL, ESQUIRE

                                                Florida Bar No: 299560
                                                Email: gdell@diattorney.com